**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jose de Jesus Perez-Lopez,<br><br>   Petitioner,<br><br>v.<br><br>United States of America,<br><br>   Respondent. | No. CV-20-00126-TUC-JGZ<br>No. CR-19-00563-TUC-JGZ<br><br>**ORDER** |

Pending before the Court is Movant Jose de Jesus Perez-Lopez's Amended Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. (CV Doc. 4.)[1] Perez-Lopez argues that his sentence was imposed in violation of the Constitution because his counsel was ineffective by failing to object to an eight-level enhancement at sentencing and by failing to file a notice of appeal. The Government filed a response to the Motion, and Perez-Lopez filed a Reply. (CV Docs. 6, 7.) The Reply asserts arguments under *Rehaif v. United States*, 139 S. Ct. 2191 (2019), which were not included in Petitioner's original filing. (CV Doc. 7.) Thus, the Court ordered the Government to file a sur-reply addressing the new arguments. (CV Docs. 8, 9.) Perez-Lopez subsequently filed a Motion for Appointment of Counsel. (Doc. 10.)

---

[1] Citations to "CV Doc." refer to the docket entries in the civil case, CV 20-00126-TUC-JGZ. Citations to "CR Doc." refer to the underlying illegal reentry case, CR 19-00563-TUC-JGZ.

Upon consideration of the record and the parties' briefing, the Court will deny Perez-Lopez's motion to appoint counsel and his § 2255 Motion.

**I.   Motion for Appointment of Counsel**

Prisoners do not have a constitutional right to counsel on a collateral post-conviction § 2255 petition. *United States v. Angelone*, 894 F.2d 1129, 1130 (9th Cir. 1990). However, "counsel must be appointed to represent indigent defendants in 2255 proceedings when the complexities of the case are such that denial of counsel would amount to denial of due process." *Brown v. United States*, 623 F.2d 54, 61 (9th Cir. 1980) (citing *Dillon v. United States*, 307 F.2d 445, 446-67 (9th Cir. 1962)). "In the absence of such circumstances, a request for counsel in proceedings under section 2255 is addressed to the sound discretion of the trial court." *Dillon*, 307 F.2d at 447. The Court has discretion to appoint counsel when it "determines that the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). Upon review of Perez-Lopez's § 2255 motion, the Court will deny the motion to appoint counsel, as this case does not present complex issues that would amount to a denial of due process and the interests of justice do not so require.

**II.   Background**

On September 26, 2019, Perez-Lopez pleaded guilty to one count of illegal reentry of a removed alien, in violation of 8 U.S.C. § 1326(a), enhanced by 8 U.S.C. § 1326(b)(2).[2] (CR Docs. 41, 43.) The applicable advisory sentencing guideline range was 57 to 71 months. (CR Doc. 48, p. 15.) The parties' plea agreement provided a sentencing range of 46 to 57 months and included a waiver of Perez-Lopez's right to appeal or collaterally attack his sentence. (CR Doc. 41, pp. 2, 4.) The waiver provision did not bar a claim of ineffective assistance of counsel. (CR Doc. 41, p. 4.)

Prior to sentencing, the U.S. Probation Office prepared a Presentence Investigation Report, which detailed Perez-Lopez's prior criminal and immigration history. (CR Doc. 48.) In 2011, Perez-Lopez pleaded guilty to Conspiracy to Launder Monetary Instruments

---

[2] Section 1326(b)(2) increases the statutory maximum sentence for reentry of a removed alien to twenty years if the underlying removal was "subsequent to a conviction for commission of an aggravated felony."

in violation of 18 U.S.C. § 1956(h). (CV Doc. 9-4, p. 1.) Based on this conviction, Perez-Lopez was subsequently removed from the United States as an alien convicted of an aggravated felony. (CV Doc. 9-5, p. 3.) In 2016, Perez-Lopez pleaded guilty to Unlawful Possession of a Firearm by a Convicted Felon in violation of 18 U.S.C. § 922(g)(1) and Illegal Re-entry of an Alien Subsequent to Deportation after an Aggravated Felony under 8 U.S.C. § 1326(a) and (b)(2). (CV Doc. 9-1, p. 1.) He was sentenced to 24 months for each count, to be served concurrently, followed by 3 years of supervised release. (*Id.* at 2.) Perez-Lopez was deported for the second time on August 31, 2017. (CR Doc. 48, p. 3.) He returned to the United States without permission, resulting in the illegal reentry charge that is the subject of this pending action.

On September 26, 2019, Perez-Lopez pleaded guilty to the reentry charge. On December 13, 2019, the Court accepted the parties' plea agreement and sentenced Perez-Lopez to 46 months' incarceration followed by three years of supervised release.[3] (CR Doc. 50.) On March 19, 2020, Perez-Lopez timely filed a § 2255 motion.

**III.    Section 2255 Standard**

Under 28 U.S.C. § 2255, a prisoner may move the sentencing court to vacate, set aside, or correct a sentence if the sentence was imposed in violation of the United States Constitution or laws of the United States, was in excess of the maximum authorized by law, is otherwise subject to collateral attack, or if the sentencing court was without

---

[3] The Court adopted the presentence investigation report. The report included a four-level increase for the Petitioner's prior conviction for conspiracy to launder monetary instruments pursuant to U.S.S.G. § 2L1.2(b)(2)(D); a four-level increase for the prior illegal reentry conviction pursuant to U.S.S.G. § 2L1.2(b)(1)(A); and an eight-level increase for the prior conviction for unlawful possession of a firearm by a convicted felon pursuant to U.S.S.G. § 2L1.2(b)(3)(B). The presentence report also applied a three-level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a)-(b), and a two-level government-sponsored fast-track departure under U.S.S.G. § 5K3.1. Thus, with a criminal history category IV, based on seven criminal history points, and a total offense level of 19, the applicable sentencing range was 46-57 months. The presentence report recommended a sentence of 46 months followed by a three-year term of supervised release. (CR Doc. 48.)

jurisdiction. 28 U.S.C. § 2255(a). A petitioner is entitled to an evidentiary hearing on a § 2255 motion "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." *Id.* § 2255(b); *see also United States v. Leonti*, 326 F.3d 1111, 1116 (9th Cir. 2003) (stating that summary dismissal is warranted if petitioner's allegations are "palpably incredible or patently frivolous"). Further, Rule 4(b) of the Rules Governing Section 2255 Proceedings provides, in relevant part, that "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party."

## IV. Discussion

Perez-Lopez argues that his counsel was ineffective because counsel failed to object to the eight-level enhancement in the sentencing guideline calculation and failed to file a notice of appeal. In his reply, Perez-Lopez also challenges the validity of his 2016 conviction for unlawful possession of a firearm, arguing that the government failed to advise him of the required knowledge-of-status element.

### A. Ineffective Assistance of Counsel

Criminal defendants are entitled to effective assistance of counsel under the Sixth Amendment. *Strickland v. Washington*, 466 U.S. 668, 684-85. To prove ineffective assistance of counsel, a defendant must demonstrate: (1) that counsel's performance was deficient; and (2) the deficient performance prejudiced the defense. *Id.* at 687. There is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. To prove deficient performance, the movant must show that counsel "made errors so serious that performance fell below an objective standard of reasonableness under prevailing professional norms." *Mak v. Blodgett*, 970 F.2d 614, 618 (9th Cir. 1992) (citing *Strickland*, 466 U.S. at 688). To prove prejudice, the movant must "show there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. Because the defendant must prove both deficiency and prejudice, a court "need not determine

whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Id.* at 697.

### i. Failure to Object to Enhancement

Perez-Lopez asserts that his counsel's performance was deficient because she did not object to an eight-level sentencing enhancement arising from his prior 2016 conviction for Unlawful Possession of a Firearm by a Convicted Felon in violation of 18 U.S.C. § 922(g)(1). (CV Doc. 4, p. 5.) Perez-Lopez argues that this conviction should not have been considered an aggravated felony because it was punishable by a $500 fine and a 60-day sentence in state custody, and thus should not have enhanced his sentence by eight levels.

Plaintiff's assertions are factually and legally incorrect. The record clearly shows that on September 2, 2016, Perez-Lopez was sentenced to 24 months in federal custody for the prior § 922(g)(1) conviction. (CV Doc. 9-1, p. 1-2.) Thus, Perez-Lopez's offense level was properly increased by eight levels because he was convicted "for a felony offense (other than an illegal reentry offense) for which the sentence imposed was two years or more." U.S.S.G. § 2L1.2(b)(2)(B).  Counsel was not ineffective in failing to object to this eight-level enhancement.  *See Martinez v. Ryan*, 926 F.3d 1215, 1226 (9th Cir. 2019) (noting that counsel is not ineffective for failure to raise meritless arguments).

Further, to the extent Perez-Lopez argues that 8 U.S.C. § 1326(b)(2) should not have enhanced the statutory maximum because his prior conviction was not an aggravated felony, he is incorrect. Section 1101 specifically defines an aggravated felony to include "an offense described in § 922(g)(1)." 8 U.S.C. § 1101(a)(43)(E)(ii). In addition, Perez-Lopez's 2012 conviction for conspiracy to commit money laundering and his 2016 illegal reentry conviction would also each provide a basis for the § 1326(b)(2) enhancement in this case; both are aggravated felony convictions as defined in 8 U.S.C. § 1101(a)(43)(D) (laundering of monetary instruments), *id.* § 1101(a)(43)(O) (reentry by an alien who was previously deported on the basis of a conviction for an offense discussed within paragraph 43), and *id.* § 1001(a)(43)(U) (attempt or conspiracy to commit any of the offenses listed in paragraph 43).  Thus, defense counsel was not deficient for failing to object to the §

1326(b)(2) enhancement of his illegal reentry charge; Petitioner had, in fact, been convicted of an aggravated felony and subsequently removed. Objective standards of reasonableness under professional norms do not require counsel to make frivolous arguments. *Martinez*, 926 F.3d at 1226.

### ii.    Failure to File Notice of Appeal

Perez-Lopez also asserts that his defense counsel was ineffective because she did not file a notice of appeal and did not advise him of his right to appeal.

The *Strickland* test applies to claims that counsel was constitutionally ineffective for failing to file a notice of appeal. *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000). To demonstrate prejudice, the defendant must show "that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." *Id.* at 484.

Here, there is no reason to think that a rational defendant would want to appeal, as Perez-Lopez only raises frivolous grounds for relief. Moreover, even if Perez-Lopez had timely appealed, he has not carried his burden to prove prejudice under the *Strickland* standard because, as discussed in this order, his grounds for appeal are frivolous.

### B. Challenge to Prior Section 922(g) Conviction Under *Rehaif v. United States*

After Petitioner plead guilty to the offense of Unlawful Possession of a Firearm by a Convicted Felon, the Supreme Court decided *Rehaif v. United States*, 139 S. Ct. 2191, 2194 (2019), holding that the government must show that "the defendant knew he possessed a firearm and also that he knew he had the relevant status when he possessed it" to establish a conviction under § 922(g). Perez-Lopez was not advised of this knowledge-of-status element when he pled guilty in 2016. As a result, Perez-Lopez now asserts that his section 922(g)(1) conviction should be vacated because the court accepted his plea without advising him of the required knowledge-of-status element.

Perez-Lopez compares his case to that of the defendant in *United States v. Gary*, 954 F.3d 194 (4th Cir. 2020). Like Perez-Lopez, Gary also pleaded guilty to a § 922(g)(1) offense and was sentenced prior to the *Rehaif* decision. On direct appeal, Perez-Lopez

argued that his conviction should be vacated because the district court failed to inform him of the knowledge-of-status element when it accepted his plea. *Id.* at 199. The Fourth Circuit vacated the conviction, despite overwhelming evidence in the record that satisfied the *Rehaif* element, reasoning that the omission was a structural error that affected the defendant's substantial rights *Id.* at 202-03.

The Supreme Court recently rejected this argument and reversed the *Gary* decision. In *Greer v. United States*, --- S. Ct. ----, 2021 WL 2405146, at *4 (June 14, 2021), the Court held that a *Rehaif* error is not a basis for plain-error relief unless the defendant first makes a sufficient argument or representation on appeal that he would have presented evidence at trial that he did not in fact know he was a felon.  In reversing the Fourth Circuit's decision in *Gary,* the Court noted that Gary had been convicted of multiple felonies prior to his felon-in-possession offense, the prior convictions constituted substantial evidence that he knew he was a felon, and Gary failed to argue or represent on appeal that he would have presented evidence at trial that he did not in fact know he was a felon when he possessed a firearm.

Here the record similarly demonstrates that Perez-Lopez knew his status as a felon before he possessed the firearm which was the basis for his 2016 conviction.  Previously, in 2012, Perez-Lopez pleaded guilty to Conspiracy to Launder Monetary Instruments in violation of 18 U.S.C. § 1956(h). His 2012 plea agreement informed him that he was pleading to an offense punishable by a maximum of twenty years' imprisonment. (CV Doc. 9-4, p. 2.) When Perez-Lopez was subsequently removed from the United States after serving the sentence for his money laundering conviction, he was again informed that he had been convicted of a felony. (CV Doc. 9-5, p. 1.) Additionally, in the 2016 plea agreement, the factual basis states: "On the date of his removal [in 2012], Perez-Lopez signed form I-294 (Warning to Alien Ordered  Removed or Deported). This form notified Perez-Lopez that he . . . has been convicted of a crime designated as an aggravated felony." (CV Doc. 9-3, p. 9.) Perez-Lopez stipulated to the factual basis when he pleaded guilty to the unlawful possession charge in 2016.  (CV Doc. 9-3, p. 7.) Thus, overwhelming and

uncontested evidence demonstrates that Perez-Lopez did have knowledge that he had been convicted of a felony before he possessed the firearm. As a result, Perez-Lopez cannot show that the omission of the *Rehaif* knowledge element from his 2016 plea colloquy affected his substantial rights, and he cannot demonstrate a reasonable probability that, but for the error, he would not have entered his guilty plea.

Further, this Court addressed at sentencing the defendant's concern that his prior § 922(g)(1) conviction should not have been used to enhance his sentence; defense counsel made this argument—specifically citing *Rehaif*—in her sentencing memorandum. (CR Doc. 47, p. 5:5-13). Counsel argued that Perez-Lopez was "likely not advised that he was a prohibited possessor," because he was removed from the country after his 2012 money laundering conviction. *Id.* In rejecting this argument, this Court explained at sentencing:

> I note with respect to the prior conviction for possession of a firearm by a felon, the law has changed. But what would have had to have been shown for that conviction today would only be that Mr. Perez-Lopez knew he was a felon; not that he knew that he was a prohibited possessor. And I don't know that there's a big question about that, so we are where we are today.

(CR Doc. 55, p. 4:4-10.)

Ninth Circuit law at the time of sentencing was consistent with the Supreme Court's recent decision in *Greer v. United States*. The Ninth Circuit had repeatedly held that *Rehaif* errors do not affect the defendant's substantial rights when there is no probability that, but for the error, the outcome would have been different. *See, e.g.*, *United States v. Benamor*, 937 F.3d 1182, 1189 (9th Cir. 2019) (defendant's seven prior felony convictions, including a prior conviction for being a felon in possession of a firearm, "proved beyond a reasonable doubt that defendant had the knowledge required by *Rehaif*"); *United States v. Tuan Ngoc Luong*, 965 F.3d 973, 989 (9th Cir. 2020) (defendant's six prior felony convictions resulting in sentences longer than one year demonstrated no reasonable probability that the outcome would have been different); *United States v. Singh*, 979 F.3d 697, 728 (9th Cir. 2020) (evidence on the omitted element was "overwhelming and uncontested"); *United States v. Johnson*, 833 Fed. App'x 665, 667 (9th Cir. 2020) (omission of *Rehaif* element

from plea did not seriously affect the fairness, integrity, or public reputation of the proceeding because evidence that defendant knew his status was overwhelming (citing *United States v. Cotton*, 535 U.S. 625, 632-33 (2002))). Finally, as discussed above, a challenge to his prior conviction under *Rehaif* would also fail on the merits because Perez-Lopez was aware he was a felon at the time he possessed the firearm.

### C. Certificate of Appealability

Before Petitioner can appeal this Court's judgment, a certificate of appealability (COA) must issue. *See* 28 U.S.C. §2253(c); Fed. R. App. P. 22(b)(1); Rule 11(a) of the Rules Governing Section 2255 Cases. "The district court must issue or deny a certification of appealability when it enters a final order adverse to the applicant." Rule 11(a) of the Rules Governing Section 2255 Cases. Pursuant to 28 U.S.C. § 2253(c)(2), a COA may issue only when the petitioner "has made a substantial showing of the denial of a constitutional right." The court must indicate which specific issues satisfy this showing. *See* 28 U.S.C. § 2253(c)(3). With respect to claims rejected on the merits, a petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). For procedural rulings, a COA will issue only if reasonable jurists could debate whether the petition states a valid claim of the denial of a constitutional right and whether the court's procedural ruling was correct. *Id.* Applying these standards, the Court concludes that a certificate should not issue, as the resolution of the petition is not debatable among reasonable jurists.

//
//
//
//
//
//
//

## V. Conclusion

For the foregoing reasons,

**IT IS ORDERED** Petitioner's Motion for Appointment of Counsel (Doc. 10) is **DENIED.**

**IT IS FURTHER ORDERED** that Perez-Lopez's Amended Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 4) is **DENIED**, and the civil action opened in connection with this Motion (CV-20-00126-TUC-JGZ) is **DISMISSED** with prejudice. The Clerk of Court must enter judgment accordingly.

**IT IS FURTHER ORDERED** that a Certificate of Appealability is **DENIED**.

The Clerk of Court is directed to close its file in this action.

Dated this 15th day of June, 2021.

Honorable Jennifer G. Zipps
United States District Judge